UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-410-R

MICHIEL SIMMS,                                                                                          PLAINTIFF

v.

WEYERHAEUSER CO.,                                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendant Weyerhaeuser Company's ("Weyerhaeuser") Motion for Summary Judgment (Docket #19). The Plaintiff, Michiel Simms ("Simms") has not responded. This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

Simms, appearing before the Court *pro se*, filed a discrimination claim against his former employer, Weyerhaeuser, under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e. Simms, an African-American, claims that he was discriminated against at the workplace due to his race. Simms began his employment with Weyerhaeuser as an operator in the production department in January 2000, and his employment was terminated by Weyerhaeuser on January 26, 2005. Simms alleges that in 2002, his supervisor informed him that his production was low. In response, Simms filed a grievance. Later that same year, in April 2002, Simms filed another grievance after he was written up and suspended for three (3) days without pay. In August 2002, Simms filed a third grievance in response to being written up due to a lack of production. All three (3) grievances were denied. Simms believes that all of these incidents were racially motivated.

Beginning in September 2003, Simms had developed a back problem that kept him away

from work for extended periods of time, including: September 19, 2003 through February 23, 2004; March 3, 2004 through March 30, 2004; and May 4, 2004 through December 16, 2004. Simms filed a grievance on December 2, 2004, arguing that he should have been permitted to return to work on November 22, 2004.  Simms returned to work on December 16, 2004, however, he was not returned to his position as an operator, as the position had been filled during his absence.  The Defendant contends that Simms had exhausted his allotted Family Medical Leave Act ("FMLA") leave under 29 U.S.C. § 2601, and therefore, he did not return to his previous position as an operator.  Simms filed a grievance on December 20, 2004, asserting that he should have been permitted to return to his prior position before his medical leave.  These grievances were ultimately denied.

On January 19, 2006, Simms left his station to visit another during work hours.  His supervisor, Dave Cameron ("Cameron") informed the employee Debbie Dixon ("Dixon") that nobody was to visit her in her office except before or after work.  In addition, Cameron had another employee inform Simms of the same policy.  Later that day, Simms walked into Cameron's office and spoke to Cameron about his visit to Dixon's office.  Cameron claims that Simms raised his voice at him and used inappropriate language in his presence.  The next day, an investigation into the incident between Simms and Cameron was conducted, which resulted in Weyerhaeuser offering Simms a "Last Chance Agreement" to amend his behavior.  This agreement also required Simms to attend anger management classes at Weyerhaeuser's expense. Simms refused to sign the agreement, but agreed to attend anger management classes.  However, Weyerhaeuser suspended Simms for his refusal to sign the agreement.  That same day, January 20, 2005, Simms filed a grievance protesting his suspension.  Six (6) days later, Simms was

terminated by Weyerhaeuser. On January 28, 2005, Simms filed another grievance protesting his termination. Both of his grievances filed in January 2005 were denied.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the

standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In its Motion for Summary Judgment, the Defendant argues that the statutes of limitations for Simms' claims that took place in 2002 has expired, and that Weyerhaeuser is entitled to summary judgment on Simms' claims that arise from his return to work and his dismissal. The Plaintiff has not responded to the Defendant's motion for summary judgment. As such, his claims are dismissed as the Plaintiff has failed to meet his burden as required by FRCP 56. *See Clark v. City of Dublin, Ohio*,178 Fed. Appx. 522, 524-25 (6th Cir. 2006). Nonetheless, the Court shall address the Plaintiff's employment discrimination claim based on his termination in January 2005.[1]

> 1964 Civil Rights Act, Title VII, 42 U.S.C. §2000(e); states in pertinent part:
>
> It is an unlawful practice for an employer: (1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's *race*, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker, as long as the person complies with any workplace policy concerning smoking (emphasis added).

It is recognized that in race discrimination cases, when there is no direct evidence of discrimination, courts follow the burden shifting analysis standard applied by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). *See Pierce v. Commonwealth*, 40 F.3d 796, 801 (6th Cir. 1994).

---

[1]The Court concurs with the Defendant that the statute of limitations for the Plaintiff's 2002 claims has expired. *See Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001).

Under the *McDonnell Douglas* standard, the Plaintiff must first establish a *prima facie* case of discrimination by showing: 1) that he/she belongs to the statutory protected class, which in this case is a racial minority, at the time of the alleged discrimination; 2) he/she performed his/her job satisfactorily; 3) he/she was subject to an adverse employment decision and 4) and the adverse decision resulted in a person not in the protected class receiving favor over the person in the protected class. *McDonnell Douglas* at 802-805; *see also Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 349 (6th Cir. 1997); *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). If the plaintiff can meet this initial hurdle, the burden then shifts to the employer who must then state with clarity their legitimate reason for the adverse decision. *Kline* at 349.  If the employer offers a legitimate reason, than the burden shifts back to the plaintiff who must then show that he/she is the victim of intentional discrimination and the employer's reasons were pretextual. *Id.*

To meet this final burden the plaintiff must offer direct or circumstantial evidence that rebuts the reasoning offered by the employer. *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1973); *see also Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083-84 (6th Cir. 1994).  Direct evidence consists of evidence that if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption.  *Nguyen* at 566.  Circumstantial evidence is "evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Id.*  Although the burden of proof may be on the plaintiff to meet this final standard, in a civil rights case the plaintiff "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his[/her] rejection were in fact a coverup for a....discriminatory decision." *McDonnell Douglas* at 805.  "To make a

5

submissible case on the credibility of his employer's explanation, the plaintiff is 'required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge.'" *Manzer*, 29 F.3d at 1084 (*quoting McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir.1993)).

The Court will address each stage of this burden shifting standard to determine whether or not genuine issues of material fact exists in the instant matter.

### 1. Does the Plaintiff establish a *prima facie* case?

As stated *supra*, in order to establish a *prima case* of race discrimination under the *McDonnell Douglas* standard, the Plaintiff must prove by a preponderance of the evidence that: 1) that he belongs to the statutory protected class, which in this case is a racial minority, at the time of the alleged discrimination; 2) he performed his/her job satisfactorily; 3) he was subject to an adverse employment decision and 4) and the adverse decision resulted in a person not in the protected class receiving favor over the person in the protected class. *McDonnell Douglas* at 802-805.  Here, though the Plaintiff can prove that he is a member of a protected class and that he has suffered an adverse employment action, Simms has not offered any evidence to show that he performed his job satisfactorily and that persons outside the protected class were treated more favorably.  Accordingly, Simms did not establish a *prima facie* case of discrimination.

### 2. Does the Defendant offer a legitimate, non-discriminatory reason for its actions?

Assuming for purposes of this analysis that Simms can establish a *prima facie* case of discrimination, under the *McDonnell Douglas* standard the burden shifts to the Defendant to offer a legitimate business reason for terminating Simms.

Here, the Defendant has provided evidence that Simms refused to sign a last chance agreement and used inappropriate language when addressing his supervisor. The committee set up by Weyerhaeuser to investigate Simms' conversation with Cameron determined that Simms' conduct constituted a "terminable offense." Accordingly, the Defendant has provided legitimate non-discriminatory reasons for its termination of the Plaintiff.

### 3. Were Weyerhaeuser's Reasons for Denying Wills' Request Pretextual?

After providing a legitimate business reason for denying the request, the burden shifts back to the Plaintiff who must demonstrate that the reasons offered by the Defendant were pretextual. As stated *supra*, the Plaintiff must show "'(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge.'" *Manzer*, 29 F.3d at 1084 (*quoting McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir.1993)). As such, the Plaintiff must prove an inference of racial discrimination through direct or circumstantial evidence to show that the reasons offered by the Defendant were racially motivated. *Id.*

Here, the Plaintiff has provided no evidence to demonstrate pretext on the part of the Defendant. Accordingly, Weyerhaeuser's reasons for terminating Simms were not pretextual.

### CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue. The case against the Defendant is **DISMISSED**.